## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES of the I.B.E.W. LOCAL UNION NO. 488 PENSION FUND, HEALTH INSURANCE FUND, ANNUITY FUND, EDUCATIONAL FUND, the LOCAL LABOR-MANAGEMENT COOPERATION COMMITTEE and JOINT APPRENTICESHIP AND TRAINING COMMITTEE; TRUSTEES of the NATIONAL ELECTRICAL BENEFIT FUND and the NATIONAL LABOR MANAGEMENT COOPERATION FUND; the CONNECTICUT CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION and the I.B.EW. LOCAL UNION NO. 488; | |
| Plaintiffs, | No. 3:11 - CV - 709 (CSH) |
| v. | |
| NORLAND ELECTRIC, INC., | |
| Defendant. | |

## RULING ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

### HAIGHT, Senior District Judge:

Plaintiff trustees of various union pension, health, annuity, educational, and benefit funds ("Plaintiffs") have brought this action, seeking to collect from the defendant employer, Norland Electric, Inc. ("Defendant" or "Norland, Inc."), delinquent contributions due to said funds under a governing collective bargaining agreement ("CBA"). Specifically, Plaintiffs allege violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and the Labor

1

Management Relations Act ("LMRA"), 29 U.S.C. 185(a).[1]

Plaintiffs commenced this action on May 2, 2011 and Defendant was served with a copy of the Summons and Complaint on May 12, 2011.  Doc. #6 (Summons Returned).  To date, Defendant has failed to appear or respond in this action, resulting in an entry of default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a).  Doc. #10 (entered 9/10/2012).

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint (Doc. #15) to add Norland Electric, LLC ("Norland, LLC"), the alleged successor to defendant Norland, Inc., as a second defendant.  As set forth below, the requested  amendment will be permitted.[2]

## II.    DISCUSSION

### A.    Standard for Leave to Amend Complaint

Plaintiffs seek to amend their Complaint by adding a new defendant pursuant to Federal Rule of Civil Procedure 15, captioned, "Amended and Supplemental Pleadings."  Addition of a party also implicates Federal Rule 21 of Civil Procedure, which provides in pertinent part: "On motion or on

---

[1]  29 U.S.C. § 1132 of  ERISA  provides, in part, that a civil action may be brought  "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

Section 185(a) of the LMRA permits "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" to be "brought in any district court of the United States having jurisdiction of the parties."  29 U.S.C. § 185(a).

[2]  The  Court  previously denied  Plaintiffs' Motion for Leave to  Amend Complaint (Doc. #13) without prejudice on the  procedural ground that Plaintiffs had failed to submit a proposed Amended Complaint.  See Doc. #14.  Without the proposed pleading, the Court had no opportunity to review the precise language of the proposed amendment.  Plaintiffs have rectified this problem by appending their proposed Amended Complaint to their current motion.  See Doc. #15-1.

its own, the court may at any time, on just terms, add or drop a party." With respect to the interaction of Rules 15(a) and 21,  it has been held that "Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs." *United States v. Hansel*, 999 F.Supp. 694, 697 (N.D.N.Y.1998) (citations omitted). The " perceived supremacy of Rule 21 is," however, "of no practical consequence, since it is generally held that the standards governing motions to amend under Rule 15 apply with equal force to motions to add parties under Rule 21."  *Lego A/S v. Best-Lock Const. Toys, Inc.*, No. 3:11–CV–1586 (CSH) __F.Supp.2d __, 2012 WL 3573905, at * 5 (D.Conn. Aug. 20, 2012). (citing *Hansel,* 999 F.Supp. at 697–98). *See also Oneida Indian Nation of N.Y. State v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y.2000) ("[B]ecause in practical terms there is little difference between [Rules 15(a), 20(a) and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion, the court will not separately analyze the present motions under each of those three Rules.") (citation and internal quotation marks omitted); *Mytee Prods., Inc. v. H.D. Prods., Inc.*, No. 05–CV–2286W, 2007 WL 4105713 (S.D.Cal. Nov. 16, 2007), at *3–*4 (applying *Foman* standards to a motion to amend complaint so as to add a party plaintiff).

The Court will herein address Rule 15(a) and apply the standards governing amendment of the pleadings under *Foman v. Davis*, 371 U.S. 178  (1962) and its progeny,  to determine whether Plaintiffs may add Norland, LLC as a defendant.  Under Federal Rule of Civil Procedure 15(a)(1), a party may "amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service  of  a  responsive pleading or 21 days after service of  a motion under Rule 12(b), (e), or (f), whichever is earlier."

3

Fed. R. Civ. P. 15(a)(1)(A)-(B).   All "other amendments" may be made "only with the opposing party's written consent or the court's leave," which should be "freely give[n] . . . when justice so requires."  *Id.*, 15(a)(2).

This is the first amendment Plaintiffs seek with respect to their Complaint. However, focusing on the two subsections of Rule 15(a)(1), the 21-day period to amend "as of right" – without the Defendant's written consent or the Court's leave –  has expired.  Specifically, applying Rule 15(a)(1)(A), 21 days have elapsed since the service of Plaintiffs' Complaint on May 12, 2011, and Defendant has served no responsive pleading or motion under Rule 15(a)(1)(B).  *See, e.g., Castro v. United Sec. Inc.,* No. 10 Civ. 6152(LBS), 2011 WL 1532012, *1 (S.D.N.Y. April 18, 2011) (Plaintiff's time to amend as matter of right expired 21 days after service of complaint because *pro se* defendant filed motion to dismiss more than 21 days after receipt of service). *See also* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1481 at 661–62 (3d ed.2010) (in action with multiple defendants, "if only some defendants file responsive pleadings, plaintiff still should be governed by the 21-day amendment period in Rule 15(a)(1)(A) for pleading amendments regarding the nonresponding defendants").[3]

Nonetheless, the Court will permit the proposed amendment pursuant to Rule 15(a)(2) because such leave should be "freely give[n] . . . when justice so requires," as in this case.  *See* Fed.

---

[3] Prior to the December 1, 2009 amendment, Rule 15(a) limited a party's ability to amend without leave of court to the time "before being served with a responsive pleading."  For example, "[t]he complaint could be amended as of course at any time before the answer was served."  *See generally* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483, at 584 (2d ed.1990). In contrast, under the 2009 amendment, the right to amend once as a matter of course terminates within 21 days after service of a complaint, or within 21 days after service of a responsive pleading, or motion under Rule 12(b), (e), or (f).  *See* Advisory Committee Notes to Rule 15(a), "2009 Amendments" (specifying "three changes in the time allowed to make one amendment as a matter of course").

R. Civ. P. 15(a)(2).[4]  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.– the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to file an amended complaint 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility."). Moreover, it is a "rare" event when "such leave should be denied." *Ricciuti v. N.Y.C. Transit Authority*, 941F.2d 119, 123 (2d Cir. 1991).[5]

Here, the proposed amendment is not the product of any proven undue delay or bad faith and there is no evidence that it will either result in undue prejudice to the Defendant or be futile in effect.[6] *Foman*, 371 U.S. at 182 (citing Fed. R. Civ. P. 15(a)). *See also Commander Oil Corp. v.*

---

[4]  *See also Evans v. Syracuse City School District*, 704 F.2d 44, 47 (2d Cir.1983) ("[W]hether a motion to amend should be granted or denied must depend upon the sound judicial discretion of the trial court.").

[5]  The Court notes, however, that in exercising its discretion in considering motions to amend, "despite the considerable latitude which Rule 15(a) grants in terms of allowing amendments, leave to amend should not be granted automatically or reflexively." *Oneida Indian Nation of N.Y. State v. County of Oneida*, *N.Y.*, 199 F.R.D. 61, 73 (N.D.N.Y. 2000) (internal quotations and citation omitted).

[6]  Norland, LLC has been on notice of this litigation from its inception. Norland, LLC is the alleged successor to Norland, Inc., which was served with the original complaint on May, 12, 2011. Doc. #6 (Return of Summons). Norland, LLC was allegedly "organized on April 7, 2011," approximately one month before service of the summons. Doc. #15 (II. Background), ¶3. "Norland, Inc. and Norland, LLC have the same address." *Id.* ¶5. Moreover, Norland, LLC is owned by the sole member of Timothy Norris, who has previously communicated with Plaintiffs' counsel in an attempt to settle Plaintiffs' claims. *Id.*, ¶ 7. Therefore, Norland, LLC will not be prejudiced in

*Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir.2000) ("Parties are generally allowed to amend their pleadings absent bad faith or prejudice.") (internal citation omitted), *cert. denied*, 531 U.S. 979 (2000). Rather, the proposed Amended Complaint adds a defendant, which Plaintiffs maintain "is the successor to Norland, Inc. and all of its obligations."[7] Doc. #15-1, ¶ 9.

### B.    Potential Futility of Amendment

In the context of complaints or counterclaims, amendment is futile if the proposed amendment could not survive a motion to dismiss. *See Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991); *see also Trilegiant Corp. v. Sitel Corp.*, No. 09 Civ. 6492 (BSJ)(JCF), 2012 WL 3826841, at *1 (S.D.N.Y. Aug. 27, 2012). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678  (2009) (quoting

---

defending on the merits of this action in that it knew or should have known that the action would likely have been brought against it but for an error or oversight by Plaintiffs' counsel.

[7] Plaintiffs do not seek to remove Norland, Inc. as a defendant despite its alleged dissolution.  A dissolved corporation may remain a viable defendant in an action pursuant to Connecticut's corporate statutes. *See* Conn. Gen. Stat. § 33-884(a)(3) ( "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including: . . . discharging or making provision for discharging its liabilities." ).   "Dissolution of a corporation does not: . . . . prevent commencement of a proceeding by or against the corporation in its corporate name." *Id.* § 33-884(b)(5).  *See also id.* § 33-887(d) (unknown claims against a dissolved corporation may be enforced against its undistributed assets or, if such assets have been liquidated, the lesser of a shareholder's pro rata share of the claim or the liquidated assets distributed to that shareholder).

*See generally* 19 Am. Jur. 2d Corporations § 2450 (Westlaw, updated Feb. 2013) ("Dissolution does not extinguish a corporation's debts; a corporation's liabilities do not disappear entirely when it ceases to exist. Thus, the dissolution of a corporation does not relieve the corporation's assets or the stockholders who receive them from liability to its creditors. Rather, corporate liquidation requires that corporate debts be taken care of.  In short, a dissolving corporation must pay or adequately provide for payment of its obligations.").

6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Moreover, under Rule 8(a) of the Federal

Rules of Civil Procedure, a claim for relief will overcome a motion to dismiss if it alleges sufficient

facts to "suggest" the elements of a claim. *See Starr v. Sony BMG Music Entertainment*, 592 F.3d

314, 321 (2d Cir.2010), *cert. denied*, ––– U.S. –––– , 131 S.Ct. 901 (2011).

Plaintiffs herein do not request to add a claim, but rather a defendant, Norland, LLC, as the

successor to Norland, Inc.  "While Connecticut's appellate courts have only rarely had occasion to

consider questions of successor liability, certain basic principles of successor liability under

Connecticut law are not in dispute. In particular, courts have recognized that Connecticut follows

'the general common law rule against successor corporate liability,' and that

> [u]nder the general rule, a corporation which purchases all the assets of another
> company does not become liable for the debts and liabilities of its predecessor unless
> (1) the purchase agreement expressly or impliedly so provides; (2) there was a merger
> or consolidation of the two firms; (3) the purchaser is a "mere continuation" of the
> seller; or (4) the transaction was entered into fraudulently for the purpose of escaping
> liability."

*Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 52 (2d

Cir. 2011) (quoting *Altman v. Motion Water Sports, Inc.*, 722 F.Supp.2d 234, 240 (D.Conn.2010)).

*Accord Wheeler v. Snyder Buick*, *Inc.*, 794 F.2d 1228, 1236 n. 8 (7th Cir.1986) (setting forth same

four factors giving rise to successor liability).  *See also  Long v. AT & T Information Systems, Inc*.,

733 F.Supp. 188, 208 (S.D.N.Y. 1990) (absent contract, a successor may still be liable for a

predecessor's obligations under the doctrine of "successor  liability," which incorporates three

factors: "whether the successor had prior notice of the claim against the predecessor, the ability of

the predecessor to provide relief to the plaintiff, and the continuity of business operations between

the predecessor and the successor, which includes such matters as continuity in supervisory

7

personnel, employees, physical plant, location, nature of product or service and methods of producing the product or service") (citations omitted).

In particular, a successor employer may be held liable under the terms of a CBA entered into by the predecessor employer. *See, e.g., Century Vertical Systems, Inc. v. Local No. 1, Intern. Union of Century Vertical Systems, Inc. v. Local No. 1, Intern. Union of Elevator Constructors*, 379 F. App'x 68, 70 (2d Cir. 2010) ("It is well established that in appropriate circumstances a successor employer can be bound by an arbitration provision contained in a CBA entered into by the predecessor employer. These circumstances include, but are not limited to, those cases where the contracting employer disappears into another by merger, where the successor company expressly or impliedly assumes the CBA, and where the successor employer is an alter ego of the predecessor employer.") (internal quotations and citations omitted).

In the case in suit, Plaintiffs allege that Norland, LLC "was organized on April 7, 2011 with the same address and named officer as Norland, Inc.," and "Norland, LLC is the successor to Norland, Inc. and all of its obligations." Doc. #15-1, ¶ 9. Absent an express or implied contract with respect to Norland, Inc.'s obligations under the CBA, Norland, LLC may still be subject to successor liability. For example, Norland, LLC may have continued the business of Norland, Inc. because both entities "transacted business in the State of Connecticut as contractors and subcontractors in the electrical industry." *Id.*, ¶ 11. It is also possible, albeit unproven at this time, that, in dissolving Norland, Inc. but continuing its business, Norland, LLC was created to avoid Norland, Inc.'s obligations to pay fund contributions under the CBA. The named officer of both entities, Timothy Norris, has allegedly communicated with Plaintiffs' counsel in an attempt to settle Plaintiffs' claims, suggesting a recognition of Norland, Inc.'s and/or LLC's obligations under the CBA. Doc. #15 (II.

8

Background), ¶ 7.  Absent discovery, whether Norland, LLC is financially capable of compensating Plaintiffs in the event damages are awarded in this action remains unknown.  However, to the extent that Norland, LLC replaced Norland, Inc., it would appear that Plaintiffs remain in the same position with respect to possible compensation.

In sum, Norland, LLC may be subject to liability as the successor of Norland, Inc.  Norland, LLC may have expressly or impliedly contracted to take on the obligations of Norland, Inc. when the latter was dissolved.  Alternatively, Norland, LLC may be liable under the theory of "successor liability" in that Norris had knowledge of Norland, Inc.'s obligations under the CBA from his position as sole officer of that company; and  Norland, LLC allegedly continued at the same address and in the same business as Norland, Inc.  At the pleading stage, absent discovery to the contrary, Plaintiffs should be allowed to amend their Complaint to reflect the plausible, potential liability of Defendant's successor.  Accordingly, naming Norland, LLC as an additional defendant is not facially futile.  Pursuant to  Federal Rule 15(a)(2), Plaintiffs will be granted leave to  file their Amended Complaint.

## C.   Service of Amended Complaint

With respect to service, the proposed Amended Complaint asserts the same claims that are set forth in the original Complaint and adds no new claims against defendant Norland, Inc.[8] Therefore, service upon Norland, Inc.,  as a defaulted, non-appearing party,  is not technically required under Rule 5(a).  *See* Fed. R. Civ. P. 5(a)(2).  *See, e.g.*, *Finkel v. Genergy  Electric Services*

---

[8] The proposed Amended Complaint adds Norland, LLC as a defendant and breaks down the amount of contributions owed jointly and severally by the two defendants under the CBA for employees during the period of "June 2010 through December 2010,"  Doc. #15-1, ¶ 17 ($44,387.66),  and from "January 2011 to March 2011," *id.*, ¶17 ($19,023.27).

9

*Co., LLC*, No. 08–CV–0446 (RRM), 2010 WL 8445099, at *2 (E.D.N.Y. Aug. 24, 2010) ("Because the amended complaint does not assert any new claims against [defaulting defendant] Genergy, service of the amended complaint pursuant to Rule 4 was not required."), *adopted by*, No. 08–CV–0446 (RRM)(SMG), 2012 WL 896212 (E.D.N.Y. Mar. 15, 2012).[9]  In any event, because Norland, Inc. has been dissolved and replaced by Norland, LLC, which allegedly "transacts business" and "is located at" its predecessor's address of "154 Jacob Road, Southbury, CT 06488," service upon its successor will effectively provide notice to the defunct Norland, Inc. as well.  *See* Doc. #15-1, ¶7.  Plaintiffs should thus effect proper service of the Amended Complaint on "Norland Electric, LLC," as successor to Norland, Inc. and the newly added defendant.  *See*  Fed. R. Civ. P. 4(c).

With respect to the applicable statutes of limitations, the limitations periods have not  been challenged by the non-appearing Defendant and the Court makes no decision in that regard.  The Court does, however, observe that because the additional defendant,  Norland, LLC, (1) is the alleged successor to Defendant, Norland, Inc., (2) is owned by the sole member of Timothy Norris, who was "all of the named officers in Norland, Inc." (Doc. #15 (II. Background), ¶¶3-4),  and (3) has the "same address" as Norland, Inc. (*id.* ,¶5), the date of the Amended Complaint likely dates back to the date of the original Complaint for purposes of the applicable statutes of limitation.[10]

_____

[9]  *See also Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 07–CV–2376 (NGG)(JO), 2009 WL 3401747, at *3 (E.D.N.Y. Oct. 21, 2009) ("[T]he Second Circuit has found that there is nothing improper about holding one defendant in default of one complaint and other defendants liable on later complaints. . . .  Otherwise, a plaintiff might be unable to obtain judgment against a defendant who, although properly served with the original complaint, evades service of an amended complaint.") (internal citation omitted).

[10]  In general,  depending  on  the circumstances, ERISA has either a six-year or three-year statute of limitations for breach of fiduciary duty.  *See* 29 U.S.C.A. § 1113.  With respect to LMRA, because Congress did not provide a statute of limitations for suits brought under LMRA's breach of contract provision,  the applicable statute of limitations is determined by looking to the most

Specifically, under Federal Rule 15(c) of Civil Procedure, an amendment substituting a new defendant on a claim included or sought to be included in the original complaint relates back if, within the period allotted in Federal Rule 4(m) of Civil Procedure for service of process, the new defendant "received such notice of the action that it will not be prejudiced in defending on the merits" and also "knew or should have known that the action would have been brought against it." Fed.R.Civ.P. 15(c)(1)(C). *See also Aslanidis v. U.S. Lines, Inc.,* 7 F.3d 1067, 1076 (1993) ("Under the revised rule [15(c), amended 12/1/1991] an amended complaint relates back to the time of the original if the new party was aware of the action within 120 days of the filing of the original complaint.").

In the present case, the claims in the Amended Complaint arise out of the same transaction or occurrence set forth in the original Complaint and merely add defendant Norland, LLC, which, through its officer Norris, received notice of the action on May 12, 2011, ten days after the Complaint was filed. *See* Doc. #1 (Complaint, filed 5/2/2011); Doc. #6 (Summons personally served on 5/12/2011 upon "Timothy P. Norris" as "agent for service" of Norland, Electric, Inc.). Moreover, Norris likely determined on that date that the action would have been brought against Norland, LLC "but for a mistake concerning the proper party's identity."[11]   *See* Fed. R. Civ. P.

---

appropriate state statute of limitations. *See Local 802, Associated Musicians of Greater New York v. Parker Meridien*, 145 F.3d 85, 88 (2d Cir. 1998) (discussing 29 U.S.C.A. § 185 (1994)).

[11]   *See also In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1025 (2d Cir. 1989) ("identity of interest" exception to the relation back rule provides that "the institution of an action against one party will constitute imputed notice to a party subsequently named by an amendment of the pleading when the parties are closely related in their business activities or linked in their corporate structure.") (citing, *inter alia*, *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir.1984)).

15(c)(1)(A)-(C).

III.     **CONCLUSION**

Plaintiffs' Motion for Leave to Amend Complaint (Doc. #15) to add Norland Electric, LLC as a defendant is GRANTED. Plaintiffs may file and serve their proposed Amended Complaint on or before **March 15, 2013.**  Defendant Norland Electric, Inc. remains in default.  Norland  Electric, LLC is directed to file its responsive pleading in accordance with the Federal Rules of Civil Procedure.

It is SO ORDERED.

Dated: New Haven, Connecticut
        March 1, 2013

                              /s/Charles S. Haight, Jr.
                              Charles S. Haight, Jr.
                              Senior United States District Judge

12