UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES of the I.B.E.W. LOCAL UNION NO. 488 PENSION FUND, HEALTH INSURANCE FUND, ANNUITY FUND, EDUCATIONAL FUND, the LOCAL LABOR-MANAGEMENT COOPERATION COMMITTEE and the JOINT APPRENTICESHIP AND TRAINING COMMITTEE; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND and the NATIONAL LABOR MANAGEMENT COOPERATION FUND; the CONNECTICUT CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION and the I.B.EW. LOCAL UNION NO. 488;<br><br>        Plaintiffs,<br>  v.<br><br>NORLAND ELECTRIC, INC., and NORLAND ELECTRIC, LLC.<br><br>        Defendants. | No. 3:11 - CV - 709 (CSH)<br><br><br><br><br><br>MAY 19, 2014 |

**ORDER**

**HAIGHT, Senior District Judge:**

      In the present action, plaintiff trustees of various union pension, health, annuity, educational, and benefit funds ("Plaintiffs") seek to collect from their employer, Norland Electric, Inc. and its alleged successor, Norland Electric, LLC (collectively "Defendants"), delinquent contributions due to said funds under a governing collective bargaining agreement. On March 1, 2013, pursuant to the Court's Ruling [Doc. 16], granting "Plaintiffs' Motion for leave to Amend Complaint" [Doc. 15],

1

Plaintiffs electronically filed their Amended Complaint [Doc. 17], adding Norland Electric, LLC as a defendant. In addition to electronic service, the Amended Complaint and Summons were served personally by a State Marshal at Defendants' Southbury business address. In particular, the State Marshal "served the summons on Timothy P. Norris, 154 Jacob Road, Southbury, CT, who [was] designated by law to accept service of process" on behalf of Defendants "on 3/18/2013." Doc. 20, p. 2. Defendants were required to answer or respond to the Amended Complaint within twenty-one days of service: on or before April 8, 2013. *See* Doc. 16, p. 12; Doc. 18-20; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (in general, "[a] defendant must serve an answer within 21 days after being served with a summons and complaint").

To date, Defendants have neither answered nor made a motion in response to the Amended Complaint. In addition, Plaintiffs have failed to file a motion for entry of default against Defendants or to otherwise prosecute. Pursuant to Rule 55(a), Fed. R. Civ. P., when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the plaintiff may show, by affidavit or otherwise, that such a default has occurred and the clerk then enters the party's default. Thereafter, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . ." *Id.* 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." *Id.* 55(b)(2).

Where, on the Court's record, the Defendants have defaulted and Plaintiffs have failed to prosecute, the Court enters the following ORDER:

    1.    On or before **May 30, 2014**, Plaintiffs must file a status

report with the Court, informing the Court of the reason(s) Plaintiffs have failed to prosecute (*e.g.*, the matter has settled or Plaintiffs wish to withdraw the action) and, if appropriate, an accompanying notice (*e.g.*, of settlement or voluntary withdrawal).

2. Alternatively, with the requisite status report, Plaintiffs may file a motion for entry of default, accompanied by an affidavit factually establishing the occurrence of Defendants' default, in compliance with Fed. R. Civ. P. 55(a).

If Plaintiffs fail to comply with this Order by **May 30, 2014** – *i.e.*, fail to file a status report accompanied by either an appropriate notice or motion for entry of default – their action will be dismissed pursuant to Rule 41(a), D. Conn. L. Civ. R., "for failure to prosecute" and also failure to comply with pre-trial "deadlines established by the Court pursuant to [Local] Rule 16."

So Ordered.

Dated: New Haven, Connecticut
May 19, 2014

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge