## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES of the I.B.E.W. LOCAL UNION NO. 488 PENSION FUND, HEALTH INSURANCE FUND, ANNUITY FUND, EDUCATIONAL FUND, the LOCAL LABOR-MANAGEMENT COOPERATION COMMITTEE and the JOINT APPRENTICESHIP AND TRAINING COMMITTEE; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND and the NATIONAL LABOR MANAGEMENT COOPERATION FUND; the CONNECTICUT CHAPTER OF THE NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION and the I.B.EW. LOCAL UNION NO. 488; | Civil Action No. 3:11 - CV - 709 (CSH) |
| Plaintiffs, | |
| v. | |
| NORLAND ELECTRIC, INC., and NORLAND ELECTRIC, LLC. | MARCH 14, 2016 |
| Defendants. | |

### ORDER OF CIVIL CONTEMPT

**HAIGHT, Senior District Judge:**

### I. BACKGROUND

Plaintiff trustees of various union pension, health, annuity, educational and benefit funds ("Plaintiffs") seek to execute the default judgment this Court entered on their ERISA claim against their employer, Norland Electric, Inc., and its alleged successor, Norland Electric, LLC (collectively "Defendants"), with respect to delinquent contributions due to said funds under a collective

bargaining agreement.[1]  *See* Doc. 25, 28  (Rulings granting default judgment on ERISA claim against Defendants, filed on 2/19/2015 and 6/5/2015, respectively).  Specifically, Plaintiffs seek to collect the following amounts which they have been awarded by this Court:

(A)  **$44,387.66** in unpaid contributions (from June to December 2010);

(B)  **$24,411.99** in interest on the unpaid contributions;

(C)  an additional amount of **$24,411.99** in interest on the unpaid contributions (which is greater than the maximum allowed "liquidated damages provided for under the plan"); and

(D)  **$2,875.00** in reasonable attorneys' fees and **$513.46** in costs of the action,

for a total award of  **$96,600.10**.  Doc. 28, at 20.   Plaintiffs are also entitled to, and have been granted, post-judgment interest in an amount to be determined pursuant to 28 U.S.C. § 1961, the Federal Courts Improvements Act of 1982.  *Id.  See also* Doc. 29 ("Default Judgment" (6/19/2015) in favor of Plaintiffs against Defendants Norland Electric, Inc. and Norland Electric, LLC for each and all of the amounts specified in the Court's June 5, 2015 Ruling).

On October 20, 2015,  Plaintiffs attempted to investigate the Defendants' "property and

---

[1]  *See* 29 U.S.C. § 1145 for relevant ERISA provisions.  Default judgment was entered on Plaintiffs' ERISA claim against Defendants pursuant to Rule 55(a), Fed. R. Civ. P., in that Defendants had failed to appear, and thus "failed to plead or otherwise defend."  Under the two-step process for entry of default under Rule 55, the Clerk first entered default due to Defendants' failure to plead or otherwise defend.  Then, under Rule 55(b), Plaintiffs moved, and the Court ultimately granted, default judgment.  *See* Fed. R. Civ. P. 55 (b)(1)-(2) (the party seeking affirmative relief must apply for a default judgment, to the Clerk if the claim is "for a sum certain," and "[i]n all other cases," to the Court).

means of paying the Judgment" by serving  Timothy P. Norris, the "sole officer of Defendant Norland Electric, LLC," and "sole officer of the dissolved Defendant . . . Norland Electric, Inc.," with post-judgment interrogatories" at the Defendants' listed business address and Norris's "usual place of abode, 154 Jacob Road, Southbury, CT 06488."[2]  Doc. 31,  ¶ 3; Doc. 31-2, at 1-2 ("Return of Service" by Susan L. Voigt, State Marshal, New Haven County).    After  the passage of approximately three months,   Norris failed to provide any response to these post-judgment interrogatories so Plaintiffs filed a "Petition for Examination of Judgment Debtor," asserting that Defendants "failed and refused to pay any amounts toward [the] judgment" of $96,600.10.  Doc. 31, at ¶¶ 1-2.  In that Petition, Plaintiffs requested, pursuant to Connecticut General Statutes § 52-397, that Norris, as the "sole officer and principal of the Judgment Debtors, be ordered to appear before this Court, or some other Judge of the United States District Court . . . to be examined under oath concerning [the Judgment Debtors'] property and means of paying the balance of this Judgment." *Id.*, at 2.

The Court granted Plaintiffs' Petition, mandating that Timothy P. Norris, as sole principal officer of Defendants Norland Electric, Inc. and Norland Electric, LLC, must answer Plaintiffs' post-judgment interrogatories on or before  Wednesday, February 17, 2016.  If Norris failed to respond

---

[2]  Plaintiffs have provided the Court with both the "Connecticut Corporate Listing" for Defendants Norland  Electric, Inc. and Norland  Electric, LLC (Ex. A [Doc.  31-1], at 1-2) and two "Return[s] of Service" (by State Marshal Susan L. Voigt) for the post-judgment interrogatories served on Norris (Ex. B [Doc. 31-2], at 1-2).

The Court also takes judicial notice that Norris is the sole member and agent for service for Norland Electric, LLC, which is described as an "active" business in Connecticut state records.  *See* www.concord-sots.ct.gov/CONCORD.  Similarly, Norris was listed as president, director, secretary, and agent for process of Norland Electric, LLC's predecessor, the "dissolved" Norland Electric, Inc. *Id.*

to the interrogatories, he was ordered to appear before the Court at 2:00 pm on Thursday, February 25, 2016. At that time, he was to "be examined under oath regarding Defendants' property, assets, and means of paying the Judgment of $96,600.10 entered for Plaintiffs in this action on June 19, 2015." Doc. 32, at 7. In particular, Norris was directed to be "prepared: (1) to testify in response to questions posed by counsel and the Court and (2) to produce documents in his possession, custody, or control which are relevant to the issue of Defendants' payment of the Judgment." *Id.*, at 7-8 . Norris was further warned that "**If upon failure to respond to Plaintiffs' interrogatories by February 17, 2016, Norris fails to appear before this Court on the designated date and time, and/or to fully comply with any aspect of this Ruling, he will be subject to being held in contempt of court.**" *Id.* at 8 (emphasis in original). Lastly, to ensure proper notice to Norris of this Ruling, Plaintiffs were ordered to "effect proper personal service of their Petition [Doc. 31], [the] Ruling, and the attached 'Order for Examination and Notice' upon Norris, consistent with this Court's Civil Rules and the Federal Civil Rules regarding service of a subpoena upon a party." *Id.* (citing D. Conn. L. Civ. R. 5(c), Fed. R. Civ. P. 45(b)).

On February 3, 2016, Plaintiffs filed proof of service on Norris by State Marshal Willie Davis on January 29, 2016. Doc. 34. The notice verified that the "Ruling" and "Order to Respond to Interrogatories or Appear for Examination" were served on Norris by leaving them at his usual place of abode, 154 Jacob Road, Southbury, Connecticut. Norris filed no answers to Plaintiffs' interrogatories by February 17, 2016, and failed to otherwise respond to either Plaintiffs or the Court.

In light of scheduling conflicts, the Court was required to reschedule the hearing set for February 25, 2016 to March 9, 2016 at 2:00 pm. In the "Notice of Rescheduled Hearing," Norris was once again "reminded that should he fail to appear for this hearing, he w[ould] be held *in*

*contempt of Court.*"  Doc. 35 (filed 2/24/2016) (emphasis in original).   Once again, Plaintiffs were directed to, and complied with, the Court's order to  "effect proper service of this 'Notice of Rescheduled Hearing' upon Norris, in accordance with this Court's Civil Rules and the Federal Rules regarding service of a subpoena upon a party."  *Id.*   Plaintiffs filed proof of that service on March 8, 2016, indicating that on March 2, 2016, State Marshal Willie Davis served Norris with the Notice [Doc. 35] by leaving a copy at his "usual place of abode," his  Southbury address.  Doc. 37.

On March 9, 2016, Plaintiffs' counsel, Adam M. Garelick, appeared before the Court for the scheduled hearing at 2:00 pm.   Norris, who had still provided no responses to the Plaintiffs' interrogatories, failed to appear.   The Court waited until 2:40 p.m. and then entertained an oral motion by Attorney Garelick to hold Norris in civil contempt.  This Order resolves that motion.

## II.  DISCUSSION

"[I]t is firmly established that '[t]he power to punish for contempts is inherent in all courts.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510 (1873)).   Thus, an individual who fails to obey a valid order of the court may be subjected to both civil and criminal penalties for his actions.  *United States v. Petito*, 671 F.2d 68, 72 (2d Cir. 1982), *cert. denied*, 459 U.S. 824 (1982).

An order of civil contempt may be issued pursuant to 18 U.S.C. § 401, which provides that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority," including, *inter alia*, "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  The exercise of this contempt power "serves to 'protect[ ] the due and orderly administration of justice and [to] maintain[ ] the authority and

dignity of the court.'" *CBS Broadcasting. Inc. v. FilmOn.com, Inc.*, No. 14-3123-CV, __F.3d __, 2016 WL 611903, at *3 (2d Cir. Feb. 16, 2016) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

As the Second Circuit has articulated, a court may hold a party in contempt if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting, Inc.*, 2016 WL 611903, a *3 (quoting *Paramedics Electromedicina Commercial, Ltda. v. GE Med. Sys. Info. Techs. Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)).  The imposition of civil contempt sanctions is designed to serve "dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltdam,* 369 F.3d at 657.

In the case at bar, although Norris is not a named party in this action, the record supports entry of an order for civil contempt against him.  Norris is the sole member and agent for service of process for Norland Electric, LLC, which is presently described as an "active" business in the records of the Connecticut Secretary of State.  *See www.concord-sots.ct.gov/CONCORD.*  Similarly, Norris is listed in the same state records as president, director, secretary, and agent for process of Norland Electric, LLC's predecessor, the "dissolved" Norland Electric, Inc. *Id.*  In sum, there is a strong degree of identity between Norris and the named Defendants.  It was thus reasonable and proper for Plaintiffs to serve him with discovery requests and for the Court to seek to enforce his compliance with those requests by order.

Moreover, "'[i]t is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it.'" *Bridgeport Guardians v.*

*Delmonte,* 371 F.Supp.2d 115, 121 n. 5 (D.Conn. 2005) (quoting *Chicago Truck Drivers v. Bhd. Labor Leasing,* 207 F.3d 500, 507 (8th Cir.2000)).  *See also United States v. Voss,* 82 F.3d 1521, 1526 (10th Cir.1996) ( "[W]hen a subpoena or order unequivocally directs an organization to produce records, the persons who have knowledge of the court's action and who 'fail to take appropriate action within their power' to comply with the subpoena or order may be held in contempt.")(internal citation omitted)), *cert. denied*, 519 U.S. 889 (1996);  *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383 (6th Cir. 2003) ("[B]ecause a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer."); *Nat'l Labor Relations Bd. v. Hopwood Retinning Co.*, 104 F.2d 302, 305 (2d Cir.1939) ("As an important officer and agent of the Hopwood Company, Hopwood should be held in contempt for his company's non-compliance with the court's order.").

In the case at bar, the Court's orders at issue were directed specifically *at Norris* as the sole officer of Norland Electric, Inc. and sole member and agent of Norland Electric, LLC.  In those circumstances, his failure to comply cannot be deflected with an argument that he is a non-party and/or was not addressed in the orders.[3]  Examining both the Court's orders and Norris's

---

[3] Furthermore, the Court notes that under Connecticut law, an individual member of an LLC may be held personally liable to third parties where the evidence supports the application of the instrumentality rule (where the individual exercises unusual control over the finances, policy, and business practices of the LLC.).  *See, e.g., Utzler v. Braca*, 115 Conn. App. 261, 274-76 (2009) (applying instrumentality rule to hold individual member of LLCs personally liable for breach of contract with plaintiff where member acted as alter ego of LLCs and diverted LLCs' funds to his own purposes).  *See also generally* 2 Ribstein and Keatinge on *Limited Liability Companies* § 12:3 (update Dec. 2015) ("LLC members, like corporate shareholders, may be liable for debts of the firm under piercing the veil, alter ego or instrumentality theories.").  Where Norris was the sole officer of Norland Electric, Inc. and is the sole member and agent of Norland Electric, LLC, it is likely he exercised substantial, if not total, control over all aspects of those businesses.

noncompliance, there are ample grounds for a finding of civil contempt.  *See CBS Broadcasting, Inc.*, 2016 WL 611903, at *3.  First,  the Court's orders that Norris respond to Plaintiffs' post-judgment interrogatories or appear at a hearing before the Court were very "clear and unambiguous."  Doc. 32, 35.  The language of the  orders was plain on its face.  In addition, due to scheduling conflicts, the Notice of Hearing was entered and served *twice* so that Norris received notice of the hearing two times.  *Id.*  Second, Norris's failure to comply with the Court's orders is very "clear and convincing."  He not only failed  to answer the interrogatories, he failed to appear at the hearing.  Moreover, he failed to provide any explanation for his complete non-compliance.  In short, Norris completely disregarded the Court's orders.   Third, it necessarily follows that Norris "has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting, Inc.*, 2016 WL 611903, at *3.  As set forth *supra,* Defendants, and Norris, as Defendants' sole officer (and accordingly a legitimate target of Plaintiffs' interrogatories, although not a party), have ignored the proceedings in this action from the outset to the conclusion of default judgment.

Under such circumstances, the coercive effect of a civil sanction is appropriate and in the interests of justice.[4]  Coercion may be the only manner to obtain Norris's compliance with the Court's orders and thereby enable Plaintiffs to obtain the necessary information to collect the judgment due to them.  In sum, the need for an effective sanction is readily evident.  The Court will thus grant Plaintiffs' counsel's oral motion for an order of civil contempt against Norris.

---

[4]  A sanction is designed to coerce its subject when the sanction "force[s] the contemnor to conform his conduct to the court's order." *CBS Broadcasting, Inc.*, 2016 WL 611903, at *6 (quoting *New York State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir.1998)). "Where, as here, a sanction does not compensate the party for an injury caused by the contemptuous act, a sanction is civil only if its purpose is to coerce the contemnor into compliance." *CBS Broadcasting, Inc.*, 2016 WL 611903, at *6  (citing *Terry*, 159 F.3d at 95).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Plaintiffs' oral motion at the March 9 , 2016 hearing to hold Timothy P. Norris in civil contempt for noncompliance with the Court's Orders (1) to answer or respond to Plaintiffs' post-judgment interrogatories (served upon him on October 20, 2015) and (2) to appear for a hearing before this Court on March 9, 2016.  The Court enters the following ORDERS:

1.  Timothy P. Norris is hereby **HELD IN CONTEMPT** of the Court's aforementioned orders [Doc. 32 & 35] and is thus assessed **a fine in the amount of $1,000 (One Thousand Dollars) PER DAY**, **beginning on March 25, 2016.**  To prevent this fine or end its assessment after March 25, 2016, Norris must purge his contempt by responding to Plaintiffs' post-judgment interrogatories, served upon him on October 20, 2015.[5]  Unless or until he makes said response to the interrogatories,  his fine will accrue each day, subject to further Order of the Court.  Should Norris's contempt continue unabated for more than one month, **beyond April 8, 2016**, the Court may consider further action, such as incarceration of Norris.

2.  Defendants are jointly and severally  liable for all reasonable attorney's fees and costs incurred by Plaintiffs in filing and litigating their "Petition for Examination of Judgment Debtor" [Doc. 31]. *See* 29 U.S.C. § 1132(g)(2)(D)-

---

[5]  "Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge."  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994).  "Like civil imprisonment, [per diem] fines exert a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged." *Id*.

(E) (entitling Plaintiffs to be awarded "reasonable attorney's fees and costs" in litigating their ERISA claim, including "such other legal or equitable relief as the court deems appropriate").  Plaintiffs may submit, by declaration to the Court, counsel's contemporaneous time records, describing the names of the attorneys and particular services rendered, and costs expended with respect to their Petition [Doc. 31].  Upon receipt of said declaration, the Court will review the figures for approval.

3.     The Clerk is directed to send a copy of this Order **by certified mail** to **Timothy P. Norris** at the following address:  **154 Jacobs Road, Southbury, CT  06488.**

It is So ORDERED.

Dated:   New Haven, Connecticut
            March 14, 2016

                                            */s/Charles S. Haight, Jr.*
                                            CHARLES S. HAIGHT, JR.
                                            Senior United States District Judge

10